[Crim. No. 996. In Bank.—February 9, 1903.]

In the Matter of the Application of WILLIAM EVERETT
for a Writ of Habeas Corpus.

HABEAS CORPUS—PETITION FOR WRIT—DETENTION OF PETITIONER IN
STATE HOSPITAL.—A person alleging that he is illegally restrained
of his liberty by the medical superintendent of a state hospital

has the right to petition for a writ of *habeas corpus* in his own behalf, and his petition should be heard the same as if an application had been made in his behalf by a friend or relative.

APPLICATION for writ of *habeas corpus* to the medical superintendent of Napa State Hospital. Writ returnable to the Superior Court of Napa County. H. C. Gesford, Judge.

The facts are stated in the opinion.

Webber & Rutherford, for Petitioner.

THE COURT.—The petitioner alleges that he is illegally restrained of his liberty by the medical superintendent of the Napa State Hospital; that he petitioned the superior court of Napa County for a writ of *habeas corpus,* which was allowed; that upon the return of the writ the proceeding was dismissed, on motion of said medical superintendent, upon the ground that the petition for the writ was not made by a friend or relative of this petitioner, as provided in section 13 of article III of the act of March 31, 1897, entitled "An act to establish a state lunacy commission," etc. (Stats. 1897, p. 311.) This ruling was erroneous. The prisoner had the right to petition for the writ in his own behalf, and his application should have been heard the same as if an application had been made in his behalf by a friend or relative.

It is ordered that a writ of *habeas corpus* issue as prayed in the present petition, and that it be made returnable before the superior court of Napa County on Monday, the sixteenth day of February, A. D. 1903, at 10 o'clock A. M.